IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DYMOND ELDER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CIVIL ACTION NO.: 4:21-cv-129 |

**O R D E R**

This matter is before the Court on Defendant's "Motion to Dismiss for Failure to Prosecute and Failure to Comply with Court Orders." (Doc. 21.) Plaintiff initiated this lawsuit under the Federal Torts Claim Act, seeking to recover damages from Defendant for the unlawful disclosure of her protected medical information by Diversity Health Center.[1] (Doc. 1.)

In the Motion to Dismiss, filed on February 17, 2022, Defendant asserts—and Plaintiff does not dispute—that Plaintiff has failed to respond to written discovery requests that Defendant served on October 5, 2021. (See doc. 21, p. 4; doc. 21-1; doc. 21-2; see also doc. 22.) Additionally, although counsel for both parties discussed scheduling Plaintiff's deposition in mid-February 2022, Defendant declined to formally schedule and notice Plaintiff's deposition due to its not having yet received written discovery responses from Plaintiff. (See doc. 21-2, pp. 3–5; see also doc. 21, p. 4.) On February 16, 2022, upon joint request by the parties, the Magistrate Judge conducted a discovery dispute conference, but the matter was not resolved. (Docs. 17, 20.)

---

[1] According to the Complaint, Diversity Health Center is an entity operated by the Department of Health and Human Services (an agency of Defendant United States of America). (Doc. 1, p. 2.)

Accordingly, the following day, Defendant filed the at-issue Motion to Dismiss. (Doc. 21.) The designated period for discovery depositions of non-expert witnesses (such as Plaintiff) expired less than two weeks after Defendant filed the at-issue Motion to Dismiss. (See doc. 16.)

In the Motion to Dismiss, Defendant, citing Federal Rule of Civil Procedure 41(b) and Local Rule 41.1, claims that dismissal is appropriate because Plaintiff has failed to prosecute this case and failed to comply with the Court's discovery deadlines. (Doc. 21, p. 1.)

The record indicates that Plaintiff's counsel has had difficulty getting his client to communicate with him. (See doc. doc. 21-2, pp. 3–4.) Indeed, Plaintiff's Response in opposition to the Motion to Dismiss offers not a single substantive explanation for Plaintiff's failure to provide responses to the written discovery responses in the more than four months since they were served or Plaintiff's refusal to confirm that she would appear for a deposition on one of the proposed dates. (See doc. 22, p. 2.) Instead, the Response focuses on arguing that dismissal would be too extreme of a sanction for the at-issue shortcomings here. (See generally id.) Plaintiff proposed that, "in the event that the Court is inclined to sanction the Plaintiff, the Plaintiff would suggest that an order that dismissal may occur in the absence of performance by the Plaintiff within a time certain is more in line with the circumstances presented." (Id. at p. 3.)

A party's failure to prosecute her case is not a trivial oversight. A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"), and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626, 629–31 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where she has failed to prosecute those claims, comply with the Federal Rules

2

of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. S.D. Ga. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] [w]illful disobedience or neglect of any order of the Court . . . ."). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)). Dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).

Here, Plaintiff's failure to comply with discovery obligations, particularly after Defendant filed its Motion to Dismiss, demonstrates a clear record of delay and suggests that she no longer wishes to participate in this lawsuit. However, the Court recognizes that dismissing claims with prejudice is a severe sanction. Thus, in an abundance of caution, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Dismiss, (doc. 21), and **ORDERS** Plaintiff to serve responses to Defendant's outstanding discovery requests within **FIFTEEN (15) DAYS** of the date of this Order and to appear for and participate in a deposition, noticed by the Defendant, within **THIRTY (30) DAYS** of the date of this Order. If Plaintiff fails to comply with either or both of

3

these directives, Defendant may reassert its motion to dismiss, which this Court will be inclined to grant absent sufficient explanation by Plaintiff to excuse her failure(s) to comply.

**SO ORDERED**, this 21st day of April, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA